## Sharer v. Tuck, et al.

(Decided November 15, 1916.)

### Appeal from Butler Circuit Court.

1. Judgment—Estoppel—Conclusiveness—Matters Concluded.—Plaintiff and her husband owned adjoining tracts of land. On the death of her husband a creditor sued to subject his land to the payment of his debts. Plaintiff was a party to this suit. The land was sold and deed made to the purchaser. By mistake one of the calls in the deed to the husband was omitted from the judgment and commissioner's deed. On motion of the purchaser the judgment was corrected and a new deed made to the purchaser containing the omitted call. The purchaser claimed a portion of plaintiff's land on the ground that it was embraced in his deed. Plaintiff sued to enjoin trespass thereon: Held, that as no issue of title as between her and her husband's estate or creditors was presented by the pleadings in the creditor's suit or was involved in the action, plaintiff was not estopped by either the original judgment of sale or the corrected judgment, and deed made pursuant thereto to assert title to the tract in controversy, even if included in the deed to the purchaser.

2. Appeal and Error—Trial—Incorrect Theory—Practice.—Where, in an action to enjoin trespass, only a question of title is involved, and the case was erroneously tried on the theory that plaintiff was estopped to assert title by proceedings in a former suit to which she was a party if the deed which the purchaser acquired in that action conflicted with her deed, and the evidence was directed more particularly to the question of conflict, the court in reversing will not pronounce final judgment, but will remand the case and give the parties an opportunity to take further proof on the question of title.

A. THATCHER, W. S. HOLMES, T. B. McGREGOR and M. H. THATCHER for appellant.

W. A. HELM and N. T. HOWARD for appellees.

Opinion of the Court by William Rogers Clay, Commissioner—Reversing.

Plaintiff, F. J. Sharer, brought this suit against A. H. Tuck and W. A. Newton to enjoin trespass on a certain tract of land in Butler County and to recover damages for prior trespass. On final hearing, plaintiff's petition was dismissed and the injunction denied, and the defendant Tuck was adjudged to be the owner of the tract in controversy and was awarded $75.00 damages on his counterclaim. Plaintiff appeals.

Mrs. F. J. Sharer was the wife of H. M. Sharer. On November 2nd, 1863, E. L. Johnson and wife, by deed duly recorded in the Butler County Clerk's office, conveyed to F. J. Sharer and her children the following described tract of land: ''Beginning on a black gum, running thence S. 20 E. 100 poles to a white oak; thence N. 70 E. 180 poles to a small black oak; thence N. 10 W. 37 poles to a hickory and two red oaks; thence N. 58 W. 180 to a black oak, poplar and sweet gum; thence S. 20 W. 106 poles to the beginning, containing 92 acres more or less.'' The Johnsons acquired title through the heirs of Thomas Carson, deceased, whose lands were partitioned in the year 1828. Thomas Carson acquired title in 1815 from William Forsythe, who patented the land.

On December 2nd, 1863, Nancy J. Porter, Paulina M. Carson and James D. Carson conveyed to Henry M. Sharer, husband of F. J. Sharer 136 acres of land in Butler County, described as follows: ''Beginning at a white oak, H. M. Sharer's corner in his 92-acre survey, thence S. 60 E. 220 poles to a post oak, one of the original corners to the survey; thence N. 30 E. 100 poles to two small black oaks near the old Morgantown road; thence N. 39 W. 116 poles to a dogwood, black oak and hickory in a hollow; thence S. 70 W. 186 poles to the beginning.''

In the year 1889, J. D. Render, as administrator with the will annexed of J. R. Larue, brought suit in the Butler circuit court against Frances J. Sharer, widow, and James E. Sharer and others, children of H. M. Sharer, deceased, to subject the 136 acres of land aforesaid to the payment of a debt in favor of the estate of J. R. Larue. The land was sold and W. A. Newton became the purchaser. The sale was confirmed and a deed made by the commissioner to Newton on April

14th, 1892. From both the judgment and the deed made by the commissioner the third call, "thence N. 39 W. 116 poles to a dogwood, black oak and hickory," was omitted. In the year 1907 the purchaser Newton moved to reinstate the case on the docket for the purpose of correcting the error in the judgment so as to conform with the description of the land set out in the petition by inserting the above call. The judgment was corrected and the commissioner directed to make deed to the purchaser in conformity with the corrected judgment. To this order J. E. Sharer, son of F. J. Sharer, excepted. Thereafter deed was made in conformity with the order.

After denying the title of plaintiff, defendant asserted title to a small portion of land covered by an alleged lap between his and plaintiff's deeds. He further alleged that as plaintiff was a party to the creditors' suit above set out and as the judgment and commissioner's deed were corrected so as to cover the lap, plaintiff was estopped by the proceedings in that case from asserting title to the lap. This contention was upheld by the chancellor. Thereupon the county surveyor was directed to survey and locate the land conveyed by the commissioner to Newton and to establish the line A-D to which Newton claimed. He was also directed to find the line F-G to which plaintiff claimed. The surveyor reported in substance that the tract of land in controversy was included in both plaintiff's and defendant's deeds and that there was a lap in their boundaries. The correctness of this survey was attacked by plaintiff and considerable evidence heard pro and con. Thereupon judgment was rendered in favor of the defendant.

We are unable to perceive how plaintiff is estopped by the proceedings in the creditors' suit from asserting title to the tract in controversy. The sole purpose of that suit was to subject to decedent's debts the particular tract of land described in the deed from Nancy J. Porter and others to him, dated December 2nd, 1863. Plaintiff, who was his widow, was made a party to that suit, not for the purpose of divesting her of her own land, but for the purpose of divesting her of whatever title she had to her husband's land. No question of title or boundary as between her and her husband's estate or his creditors was presented by the pleadings or in-

volved in the action, and no such issue was or could have been determined by the court. As her husband's deed called to begin at one of her corners, and as her title to her own land was not involved in the controversy, she had the right to believe, as was the case, that the court could not take any action that would deprive her of title to land which she owned in her own right. All that the court was called on to decide was whether or not the decedent's interest in the particular tract of land sought to be sold was subject to his debts, and if so, to order it sold for that purpose. The land was ordered sold for that purpose. By mistake one of the calls of the deed under which the grantee held was omitted from the judgment and from the first deed made by the commissioner to the purchaser. Clearly if that mistake had not been made, the only title which the purchaser would have acquired would have been such title as the decedent had. The only object of the proceeding to correct the judgment and commissioner's deed was to make them conform to the description contained in the petition. When this was done the effect was the same as if the original judgment and first commissioner's deed had correctly described the land. The correction proceeding did not add to the purchaser's title. He merely stepped into the shoes of the husband. Since the widow's title to land which she owned in her own right was not in litigation, and since the facts were such that she was not called upon to assert or defend her title to such land, we conclude that she is not precluded by the proceeding in question from asserting title to the tract in controversy, even if included in the purchaser's deed. It follows that a contrary holding by the chancellor was erroneous.

With the estoppel feature eliminated, the case turns solely on the question of title. In view of the fact that the case was tried upon an incorrect theory and the evidence was directed more particularly to the question whether or not there was a lap between the two deeds, we are unwilling at this time to pronounce final judgment, but conclude that the case should be remanded and the parties given an opportunity to take further proof on the question of title.

Judgment reversed and cause remanded for proceedings consistent with this opinion.