### Smith v. Ruth, et al.

(Decided March 11, 1919.)

Appeal from Owen Circuit Court.

1. Attachment—Discharge of Attachment—Formal Order Granting. —Where in an action brought upon an unmatured note, the plain-

tiff was granted an order of attachment by the clerk of the court in which the action was pending as authorized by the Civil Code of Practice, sections 237-8, and the attachment issued by the clerk was duly levied by the sheriff upon a tract of land belonging to one of the defendants, the court was without authority to discharge the attachment on the face of the papers, because of the failure of the clerk to enter, before issuing it, a formal order granting the attachment and directing its issuance by himself.

2.  Attachment—Order Granting.—Under section 238, Civil Code, authorizing the clerk to "grant" an attachment in actions for debts not due, that officer may issue the attachment without making a separate order granting the attachment or directing himself to issue the writ.

W. A. LEE for appellant.

TOMLIN & VEST for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This action was brought Nov. 21, 1916, in the court below by the appellant, T. D. Smith, to recover of the appellees, L. B. Ruth and T. J. Ruth, a debt of $348.00, evidenced by a joint and several note for that amount executed by them and W. J. Ruth July 5, 1916, due six months after date and bearing interest from maturity until paid. It will be observed that the note had not matured when the action was instituted.

The petition alleges that W. J. Ruth is a non-resident of this state and absent therefrom and that he has no property in this state; that both he and T. J. Ruth are insolvent, and that the latter had made an assignment for the benefit of his creditors without retaining in his possession any property subject to execution; that L. B. Ruth had sold, conveyed or otherwise disposed of his property and suffered it to be sold, with a fraudulent intent to cheat, hinder and delay his creditors, including the appellant; also that he is about to sell, convey and otherwise dispose of his property or permit it to be sold, conveyed, or disposed of with such fraudulent intent and would succeed in so doing unless prevented by the court. An order of attachment against the property of the appellees, L. B. Ruth and T. J. Ruth, was prayed. The petition was properly verified by the oath of the plaintiff. As the note sued on had not then matured, the attachment had to be obtained as authorized by the Civil Code, section 237, subsection 2, and section 238, subsection

2, the latter allowing it to be granted by an order from the judge or clerk of the court in which the action is pending, on the grounds mentioned in subsections 2, 3, 4, 5, 6, 7 and 8 of section 194, Civil Code, the grounds contained in subsections 7 and 8 being those relied on by the appellant. The order of attachment was granted and attachment issued by the clerk of the Owen circuit court and the attachment duly levied by the sheriff upon a 174 acre tract of land as the property of the appellee, L. B. Ruth. The land lies in Owen county and is fully described in the sheriff's return showing the levy of the attachment. The attachment was not issued until appellant had executed the required bond.

At the appearance term of the Owen circuit court, held in March, 1917, the appellant filed an amended petition in which it was alleged that the note sued on had matured following the institution of the action and was then due. During the same term the appellee, L. B. Ruth, who had been served with both the summons and attachment, appeared in court and entered a motion to discharge the attachment on the face of the papers. The motion was sustained and attachment discharged by the court, to which the appellant excepted. After the entering of this order and at the same term, the court rendered a personal judgment in favor of appellant against the appellee, L. B. Ruth, for $348.00, the amount of the note, with interest thereon at the rate of six per cent per annum from January 5, 1917, until paid and his costs expended; dismissed the action as to certain garnishees and continued it as to W. J. and T. J. Ruth, directing the issuance of an alias summons to Fayette county against the latter.

None of the defendants by answer, or otherwise, resisted the appellant's right to recover upon the note, and the only resistance of the attachment was presented by the motion of L. B. Ruth to discharge it on the face of the papers. Notwithstanding the previous discharge of the attachment, the grounds therefor, being uncontroverted, were sustained by the judgment. Following the service upon the appellee, T. J. Ruth, of the alias summons, the court, at the succeeding term, held in June, 1917, gave appellant a personal judgment against him for the amount of the note, interest and costs; and, on appellant's motion, dismissed the action as to the non-resident defendant, W. J. Ruth, without prejudice.

Although the judgment does not set forth the reasons that actuated the circuit court to sustain the appellee L. B. Ruth's motion to discharge the attachment on the face of the papers, we are advised by the briefs of counsel that it was done upon authority furnished by the opinion in the case of Glaser v. Frank, 16 R. 25, decided by the superior court, then in existence, in which it seems to have been held that under section 238, Civil Code, which gives the clerk as well as the judge of the court in which is pending the action for debt, not due, the power to grant an attachment, the clerk has no power to issue the attachment, until he has first made a formal order granting it; that is, he must first grant the attachment and order himself to issue it. It does not appear that an appeal was taken from the judgment of the superior court in that case to the Court of Appeals, but it is nevertheless true that the latter court has expressly disapproved of the rule of practice in question announced by the superior court in the case, *supra*.

This was done in the case of Ouerbacker, Gilmore & Co. v. Claflin & Co., 96 Ky. 235.

In disposing of the question the court in part said: "There is no more reason, when the language of the section is considered, for the contention that in actions brought pursuant to sections 237-8, the clerk should make an independent order granting the attachment, than that he should do so when the action is brought under section 196, and certainly if the language of the section does not require it, we can conceive of no reason why the clerk shall make an order to himself, directing himself to do that which the statute empowers him to do in plain terms. Under the conditions named in section 238, the clerk 'may grant an attachment against the property of the defendant.' Under section 196, under certain conditions, an 'order of attachment shall be made by the clerk.' In both classes of cases, the writ issued by the clerk is the 'order of attachment,' and is so designated in the sections of the code applying to actions for debt due and not due. Before the amendment of April, 1888, the clerk was without the power to make the order of attachment until permitted to do so by the order of another officer. There is now no reason conceivable why he may not make such order, as permission from another officer is no longer required. Such a construction would be purely technical, is not demanded by the letter or spirit of the law, and cer-

tainly there is no intelligent reason for requiring the clerk to direct an order to himself.''

The opinion in Ouerbacker, Gilmore & Co. v. Claflin & Co., *supra*, is conclusive of the question at issue and must therefore control its decision. Indeed, in our opinion any other view of the matter would be illogical and superlatively technical.

There is no merit in appellee's contention that appellant is concluded by the order of the circuit court discharging the attachment on the face of the papers, because of his failure to apply to a judge of the Court of Appeals for the reinstatement of the attachment. He might have resorted to that remedy, but was not compelled to do so; and if he had done so and been refused the reinstatement of the attachment, the order of such judge being merely interlocutory in effect, would not have prevented him from obtaining of this court, on appeal, a review of the final judgment of the circuit court disposing of the attachment. On the other hand, if the order of the judge of the Court of Appeals had reinstated the attachment, the appellees, on appeal, could have obtained of this court a review of the final judgment of the circuit court entered in conformity to the interlocutory order of the judge of the appellate court.

In Cabell, Basye & Co. v. Patterson, 98 Ky. 520, we held that though an order or motion to discharge an attachment is not a final order, it may, after a final judgment in the action, be reviewed in this court. (Talbot v. Pierce, 14 B. Mon. 200, 158.) In the opinion it is said:

''In this case there was no necessity for the plaintiff to apply to a judge of this court to have the attachment reinstated, because the order discharging the attachment filed appellant's amendment and reinstated the attachment. Even if this had not been done, this court could have, after final judgment, reviewed the action of the court in discharging the attachment, although it had not been reinstated by a judge of this or the superior court.

''Suppose the lower court should make an order discharging an attachment before final order, and a judge of this court should refuse to reinstate it, could it be contended that plaintiff had lost his lien upon the property attached when he had fully complied with the provisions of the code alleging grounds for the attachment? Could it be said that he was remediless under such a state of case? In such case this court, after final judgment, could

review the action of the court discharging the attachment."

It follows from what has been said that the action of the circuit court in discharging the attachment on the face of the papers, was error; and as there has been no trial of the attachment and the case must be remanded to that court for a final disposition of the attachment and lien claimed by appellant on the land of L. B. Ruth upon which it was levied, the latter, upon the return of the case, should be permitted, if he so desires, to controvert the grounds of attachment before it is tried.

For the reasons indicated, the judgment is reversed and cause remanded to the circuit court, with directions to set aside the order discharging the attachment on the face of the papers, and for a trial of the attachment in conformity to the opinion.