## City Bank and Trust Company of Hopkinsville v. Dark Tobacco Growers' Co-operative Association.

(Decided May 29, 1925.)

### Appeal from Christian Circuit Court.

1. Judgment—Judgment for Intervener, Whose Petition was Traversed in Toto and Unsupported by Proof, Held Error.—Where an intervening petition was traversed in toto and no proof offered to support it, judgment granting interveners relief sought was erroneous.

2. Appeal and Error—Case Remanded for Proof to Support Intervening Petition on which Judgment was Rendered for Interveners Without Proof.—In suit to foreclose mortgage on tobacco crop, in which growers' association intervened on ground that it had right to have mortgaged tobacco sold through it, as provided under Bingham Co-Operative Marketing Act (Ky. St. Supp. 1924, section 883f-41), and intervening petition was traversed in toto and relief granted interveners without proof in support of its petition held, that as case must have been submitted on some other issue than failure of proof, judgment will be remanded with permission to parties to take proof concerning verity of intervening petition.

SELDEN Y. TRIMBLE for appellant.

McKENZIE & SMITH and ROY G. GARRISON for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellant brought this suit to foreclose a mortgage taken by it in 1923 on a crop of tobacco grown in that year by the mortgagors. A specific attachment was obtained. The mortgagors made no defense to this action which was instituted during the vacation of the circuit court. Circuit court convening shortly thereafter, the appellee filed its intervening petition and asked to be made a party to the foreclosure suit. By its intervening petition, appellee averred that prior to the mortgage of their crop to appellant the mortgagors had pooled it with the appellee and that under the Bingham Co-operative Marketing Act, Kentucky Statutes, section 883f-41, and the pooling agreement, the appellee had a right to require delivery of this mortgaged tobacco and to have the same sold through it, rather than through the ordinary channels of sale of attached property. Appellee filed with its intervening petition a paper which it said was idenical with the pooling agreement signed by the mortgagors. Appellant traversed all of the averments of this intervening petition. The case was submitted to the court without proof, and it gave appellant judgment for its debt and sustained the specific atachment, but ordered the tobacco delivered to appellee for sale through the pool as requested by the intervening petition. Appellant appeals from so much of the judgment as directs the tobacco to be sold through the appellee on the ground that since the intervening petition was traversed *in toto* and no proof was offered to support its averments, the court erred in adjudging appellee the relief it sought. There can be no question about the correctness of appellant's position in this regard, and the case must be reversed. However, we are convinced that this case must have been submitted to the lower court on some issue other than the failure of proof, since this is too elementary a proposition to mislead the trial court. It is clear that justice requires this case to be remanded with permission to the parties to take proof, if they so desire, concerning the verity of the appellee's intervening petition. Cf. Sharer v. Tuck, 172 Ky. 200; 189 S. W. 27.

Judgment reversed.