## Joyeux, et al. v. Anderson-Dulin-Varnell Company, et al.

(Decided February 19, 1926. Rehearing Denied, with modification, April 16, 1926.)

### Appeal from Bell Circuit Court.

1. Appeal and Error—Where judgments attacked are final, no exception is necessary, in order that they may be reviewed.

2. Appeal and Error—Case Held Properly Before Appellate Court, Though no Appeal was Granted by Trial Court.—Though no appeal was granted by trial court, where copy of entire record, including judgments appealed from, was filed with clerk of Court of Appeals in time, and an appeal was granted by him, case is properly before the Court of Appeals.

3. Appeal and Error.—Appeal of party against whom there was no judgment will be dismissed.

4. Fraudulent Conveyances—Allegations and Proof Required to Set Aside Mortgage as Preference Stated.—To set aside a mortgage as preferential, petition must allege that it was made in contemplation of insolvency, with intent to prefer one creditor as against the rest, and such allegations, when traversed, must be proved.

5. Fraudulent Conveyances—Failure to Deny Allegation of Debtor's Insolvency at Time of Filing Petition, Four Months After Mortgage Sought to be Set Aside as Preferential was Recorded, did Not Shift Burden of Proof to Defendants, and Warrant Judgment for Plaintiff Notwithstanding Failure to Prove Allegations that Mortgage was Made in Contemplation of Insolvency to Prefer Creditor. —In creditor's suit to set aside mortgage by debtor as a preference, allegation that debtor was insolvent at time of filing petition was no averment of insolvency at time of recording mortgage four months before, so as to shift burden of proof to defendants under "badges of fraud doctrine," on their failure to deny such allegation, and warrant judgment for plaintiff notwithstanding failure to prove essential allegations that mortgage was made in contemplation of insolvency, with intent to prefer one creditor.

6. Evidence—Letter Showing Existing Liabilities Exceeding Assets as Inventoried Four Months Before did Not Admit Insolvency at Date of Inventory, or Date of Recording Mortgage Before Inventory.—Letter from debtor, showing existing liabilities of $15,000.00 and assets of $13,000.00 when inventory was taken nearly four months before, did not admit insolvency at date of inventory, or at date of recording mortgage about two weeks before inventory.

7. Fraudulent Conveyances—Debtor's Equity in Mortgaged Assets Cannot be Presumed to be Less than Liabilities, in Absence of Undenied Allegation of Insolvency at Time of Mortgage.—In suit to set aside mortgage as a preference, where there was no allegation, not denied, that debtor was insolvent when it mortgaged all its assets, it cannot be presumed that debtor's equity in such assets was not equal to its liabilities.

8. Fraudulent Conveyances—Alleged Badges of Fraud, Shifting to Debtor Burden of Proving Mortgage Not a Preference, Held Such Only if Debtor was Insolvent, or was Made so by Mortgage.— Circumstances relied on as badges of fraud, shifting burden to debtor of proving mortgage not a preference, held such only if mortgagor, at time of mortgage or conveyance of assets, was insolvent, or was thereby rendered so.

9. Appeal and Error—Where Mortgage was Declared Preferential Without Proof, Though Petition was Traversed, Case will be Remanded for Taking of Proof.—Where allegations of petition to set aside a mortgage as a preference were traversed, but judgment was entered declaring it preferential without proof, case will be remanded with permission to take proof on issues presented by traverse.

10. Appeal and Error—Judgment Allowing Fees to Receiver's Attorneys Reversed Without Prejudice on Reversal of Judgment Declaring Mortgage Preferential.—Where judgment declaring mortgage a preference is reversed and case remanded for taking of proof, judgment awarding fees to receiver's attorneys must also be reversed, especially where they rendered no service chargeable against mortgagor's estate, but without prejudice to allowance of fee if mortgage is adjudged a preference.

11. Appeal and Error—Brief Typewritten on Paper, Too Thin to be Signed or Interlined with Ink, Stricken from Record.—Brief, typewritten on paper so thin that attorney could not sign it or make interlineations, with ink, will be stricken from the record.

B. B. GOLDEN for appellants.

R. L. MADDOX, CHARLES A. WOOD and W. H. GAGLE for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

This suit was instituted by the appellee, Anderson-Dulin-Varnell Company, to recover on certain notes executed by the Belle Cash Store, in settlement of an open account for merchandise sold it by that appellee. In addition to the necessary allegations with respect to the notes, the petition averred that the Belle Cash Store was a partnership composed of the appellants, Carolyn Joyeux and Hallie Wise, and that on the 1t4h day of December, 1921, being then indebted to the appellee, they had mortgaged all their stock of merchandise, fixtures, etc., in their store to the appellant, N. P. Wise, to secure him in payment of a pretended debt of $2,340.72. The petition further alleged that this mortgage was executed "in contemplation of insolvency and with the design to

prefer the said N. P. Wise to the exclusion of the plaintiff (appellee) and the other creditors'' of said partnership; and that such mortgage resulted in a preference. In the prayer the appellee asked that the mortgage be set aside and that it be held to operate as an assignment for the benefit of creditors. By an amended petition the appellee set up facts authorizing the appointment of a receiver, which the court did. The receiver took charge of the stock of goods, and later sold it for the sum of $3,000.00. While this litigation was pending, Carolyn Joyeux seems to have been adjudged a bankrupt. By some order of the bankruptcy court filed in this case, but lost from the record and not supplied, the state court was allowed to go ahead with this suit. In due time, the appellants filed their joint answer in which they specifically traversed the alleged partnership and affirmatively pleaded that Carolyn Joyeux was the sole owner of the Belle Cash Store and in which they also specifically denied that the mortgage sought to be set aside had been executed ''with the fraudulent or any intent to cheat, hinder or delay any of the creditors of the Belle Cash Store or any one else . . . or was executed in contemplation of insolvency or with the design to prefer the appellant, N. P. Wise, to the exclusion of the plaintiff (appellee) or any other of its creditors.'' This answer was filed during the May term of the Bell circuit court. During the November term of the court the appellee moved to submit the case on the question of whether or not the mortgage to the appellant Wise was preferential, to which motion the appellants objected. The court, however, entered a judgment adjudging that the mortgage had been executed in contemplation of insolvency and with the design to prefer the appellant, Wise, to the exclusion of the other creditors of the Belle Cash Store, and that it operated as an assignment of the property and effects of Carolyn Joyeux for the benefit of her creditors. Later on and during the January term of the court, on motion duly made, the court awarded the attorneys for the receiver a fee of $600.00, to be paid out of the assets of this estate, and from both of these judgments this appeal is prosecuted.

The appellees, who are the receiver, his attorneys, and the Anderson-Dulin-Varnell Company, have made a motion in this court to dismiss the appeal. By a much belated brief appellees insist, in support of such motion, that no exceptions were reserved by the appellants to the judgments appealed from, and further no appeal was ever

granted by the lower court. The judgments attacked being final, no exception is necessary in order that they may be reviewed. Bartlett v. Louisville Trust Company, 212 Ky. 13, 277 S. W. 250. Although no appeal was granted by the lower court, the appellants filed with the clerk of this court, and within the time prescribed by law, a copy of the entire record of this case, including the two judgments in question, and prayed an appeal in this court from both these judgments, which appeal was granted by that clerk. The case is properly before us.

As there was no judgment against the appellant, Halles Wise, her appeal must be dismissed. As to Carolyn Joyeux and N. P. Wise, the judgment entered at the November term must be reversed. It is well settled that in cases of this character, the plaintiff must allege in his petition that the conveyance sought to be set aside as preferential was made in contemplation of insolvency and with the intent to prefer one creditor as against the rest. Heidrich & Co. v. Silva, 89 Ky. 422, 12 S. W. 770. These being essential allegations in the petition, it follows that when traversed they must be proved. They were traversed in this case and there was no proof offered to substantiate them.

Appellees, however, in their belated brief referred to, while conceding that the essential allegations in the petition when traversed must be proved, insist that as certain allegations which they made in their pleadings were not denied, they, when considered with certain exhibits filed with these pleadings, constituted such suspicious circumstances as to shift under what is claimed the "badges of fraud doctrine" the burden of proof to the appellants, and hence the court committed no error in adjudging the mortgage here in question preferential.

The fundamental error in appellees' position in this regard rests on their misconception of what their pleadings allege. They say that their amended petition avers that "the defendant (that is, Carolyn Joyeux) was insolvent," and that this allegation was never denied. Appellees do not quote the entire allegation, but only a part of it. As set out on page five of the record, this allegation reads: "That the defendant, Belle Cash Store, is insolvent* and *was insolvent at the time of the filing of its petition herein.*" A further reference to the record discloses that the petition thus mentioned was filed on April

21, 1922. The mortgage herein attacked was recorded on December 14, 1921. Clearly the allegation that Carolyn Joyeux was insolvent ''at the time of the filing of the petition,'' which was on April 21, 1922, is no averment that she was insolvent in the previous December, and we have searched the record in vain to find anywhere therein any allegation of insolvency on Carolyn Joyeux's part, as of the time of the recording of the mortgage which was not put in issue by appellants.

Appellees further insist that a letter filed with their amended petition as an exhibit and signed by Carolyn Joyeux, the writing or truth of which appellants did not deny, also establishes the insolvency of Carolyn Joyeux as of the date of the recording of the mortgage. The letter, as set out in the record, bears no date, but the amended petition of appellees states ''that since or about the time of the filing of its petition'' the Belle Cash Store sent out the letter in question, which allegation means that the letter was sent out on or about April 21, 1922. This amended petition further says: ''Said letter on its face shows that *at the time said proposition was made by said Belle Cash Store, said store owed* $15,000.00 and had assets of date January 1, 1922, amounting to $13,000.00.'' This allegation is a fair statement of the purport of the letter, but it will be noted that, as thus fairly construed, the letter by no means admits an insolvency as of the date of the inventory of its assets. For aught that appears the store may not have owed as much as $15,000.00 in January and that as of that date its assets at least equalled its liabilities.

While it is true the petition as amended avers that the Belle Cash Store conveyed on December 14, 1921, all of its assets to the appellant, N. P. Wise, it must be remembered that it was not an outright conveyance, but only a mortgage to secure Wise in an alleged debt of $2,340.72. There being no allegation, not denied, that Carolyn Joyeux was, as of this date, insolvent, it cannot be presumed that the equity of the Belle Cash Store in its assets as thus mortgaged was not then at least equal to its liabilities.

The ''badges of fraud'' so confidently relied upon by appellees, are at most only such if the mortgagor or grantor is, as of the time of the mortgage or conveyance, insolvent or if such mortgage or conveyance renders him insolvent. There is no allegation, not denied, which shows

either state of case in this record, and hence the appellees have builded the house of their argument on a bed of sand. It results, therefore, that appellees are thrown back upon what they admit to be the correct exposition of the law—that the essential allegations in their petition being denied, they must be proved. The court, then, should not have entered the judgment declaring the mortgage a preferential conveyance. However, it is clear that justice requires that this case be remanded with permission to the parties to take proof, if they so desire, on the issues presented by the traverse. City Bank & Trust Co. of Hopkinsville v. Dark Tobacco Growers' Co-operative Association, 209 Ky. 330, 272 S. W. 751.

So far as the judgment awarding attorneys' fees is concerned, it must follow the judgment above reversed, because if the mortgage in question was not preferential, there is no fund out of which to pay such fees, and further, the attorneys for the receiver have not rendered any service chargeable against appellants' estate. This judgment, too, must be reversed, without prejudice, however, to the court again allowing an attorney's fee to the receiver's counsel should it adjudge on the retrial of this case that the mortgage here attacked was a preferential conveyance. Whether or not the fee allowed was too large we do not now decide.

The attorney for the appellant has filed in this court a brief typewritten on paper so thin that he could not sign it or make his interlineations with ink, for it would have run. This is in flagrant violation of the rules, even as they stood before the adoption of the new ones, and for that reason this brief is stricken from the record.

The appellees did not see fit to furnish this court with a brief in this case until after it had been decided, when by a vigorous petition for rehearing they presented their arguments to support the judgments appealed from. It so happens that all they urge was considered by the court on the original consideration of this case, but the practice of thus waiting to argue one's case until after it has been considered has nothing to commend it and much to condemn it.

Judgment reversed.