### Teater v. Teater

(Decided November 11, 1927.)

### Appeal from Mercer Circuit Court.

1. Executors and Administrators.—Contract between decedent's widow and his three sons "to sell all the real and personal property of decedent and to divide the proceeds in four parts equally between them held to include all of both classes of property belonging to decedent at time of death, and hence to embrace $750 exemptions allowed to widow by Ky. Stats., section 1403, subsec. 5.
2. Descent and Distribution.—Construction by parties to contract between widow and heirs for division of estate equally held to warrant court in holding it to operate as satisfaction of all widow's claims to estate.
3. Descent and Distribution.—Evidence held to sustain finding of chancellor adopting verdict of jury, that contract between decedent's widow and his three sons dividing his property equally in four parts between them was not procured by any fraud upon the widow.
4. Appeal and Error.—Court of Appeals must sustain finding of chancellor in equity adopting verdict of jury unless finding is against preponderance of testimony, verdict being merely advisory.

R. L. BLACK and C. C. BAGBY for appellant.

C. E. RANKIN for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On April 4, 1919, S. R. Teater died intestate a resident of Mercer county. He left surviving him his widow,

who was. the appellant and plaintiff below, Mrs. S. R. Teater, and three adult children by a former marriage, one of whom was the appellee, W. O. Teater, who quali- fied as administrator of his father's estate with the ap- proval and consent of his widow, the plaintiff. There were no children as the fruits of the marriage of dece- dent and plaintiff, but she had children by a former mar- riage and decedent's surviving adult children were, there- fore, her stepchildren. The best of feeling seems to have existed between plaintiff and each of her stepchildren, and within a short while after the death of S. R. Teater, she and they entered into a written contract duly exe- cuted by them, whereby it was agreed that defendant, W. O. Teater, should administer upon the estate and charge no fees for his services, which he did, and that the landed estate of the decedent should be sold by joint deed of all of the parties to the contract and the net pro- ceeds of the entire estate, both personalty and realty, should be equally divided among the four, instead of under our statute of distribution in case of intestacy. Within due time defendant, as administrator, collected and converted into money all of the personalty belonging to the estate, and after the payment of debts there was left in his hands for distribution the sum of $5,943.92, one-fourth of which he paid to plaintiff, pursuant to the written contract. The realty was likewise sold, and plaintiff received, absolutely, one-fourth of its proceeds, but the aggregate amount of which is not disclosed, except it appears that it amounted to about as much as, if not more than, the personalty.

On January 23, 1925, plaintiff brought this action against the administrator to set aside and surcharge his settlement with the county court, and asked that she be adjudged her distributable share of her deceased hus- band's estate under the statute; i. e., the payment to her of $750, the exemptions allowed to a widow by subsection 5 of section 1403 of our present Statutes, and one-half of the net personalty of the estate, plus the present value of her dowable interest in one-third of her husband's real estate for her life. The answer denied liability for any of the items sued for and pleaded the contract, supra, which the parties entered into as stated, and that its terms had been fully performed. Plaintiff then sought to avoid the contract by contending, first, that it did not include her statutory exemptions as surviving widow of

her husband amounting to $750; and, second, that she was induced to execute it by the fraud and misrepresentations of decedent's children by his former marriage, and that she was ignorant of her rights and her signature to the contract was thereby wrongfully and fraudulently obtained. Appropriate pleadings made the issues, and upon plaintiff's motion they were submitted to a jury for determination and it decided them against her, followed by the dismissal of her petition, which she seeks to reverse by this appeal.

The contract, omitting its heading, testimonial clauses, and signatures, in its entirety, says:

> "This is to certify that we the undersigned heirs of S. R. Teater, deceased, hereby agree to sell all the real and personal property of the said S. R. Teater, on or before the 1st day of January, 1920, and that all agree to divide the process (proceeds) of said sale in four parts equally between the three boys and the widow of the said S. R. Teater, deceased. We the undersigned herein agree to have W. O. Teater to go before and settle up the business without charge."

It will be observed that it included "all the real and personal property of the said S. R. Teater," which is broad enough to, and we conclude did, include all of both classes of property belonding to him at the time of his death, and which, if true, embraced the $750 exemptions allowed by the statute to the widow.

If, however, the language of the contract was ambiguous on that point, the parties construed it in that way, and performed it as so construed by them, and in which they acquiesced without the slightest objection until the filing of this action. The intention of the parties to the contract, therefore, to embrace the statutory exemptions of $750 to the surviving widow is clearly apparent, and the court did not err in so holding.

Upon the issue of fraud in procuring plaintiff to execute the contract she failed to establish it by her own testimony, as we construe it. It is true that in an indefinite and most unsatisfactory way she testified that her stepchildren told her at the time that she was entitled to only one-third interest in her husband's estate for her natural life, but which they and a witness who was present denied, and said that such statement by them was

concerning only the real estate of their father, and that plaintiff thoroughly understood that, while she was surrendering one-half of the personal property to which she would be entitled under the distribution statute, yet she was obtaining absolute title to one-fourth of the realty of the decedent in lieu of only one-third interest therein for her life. The fact was discussed at the time that she would thereby ·obtain practically the same amount from the estate if not more than what she would obtain under the Statutes. At any rate, there was a complete failure of the proof to sustain the grounds relied on to avoid the contract and the jury did not err in so concluding, nor did the court in adopting its verdict.

If the testimony for plaintiff had been stronger than it was, then we would not be authorized to disturb the judgment unless it was against the preponderance of the testimony, since it must be remembered that this was an equity case and the verdict of the jury on the issue out of chancery was but advisory to the chancellor, and the sufficiency of the testimony to sustain the judgment should be governed by the rule of practice applicable to findings of fact by the chancellor in the trial of all equity causes. That rule, we repeat, is that we will not disturb such findings unless they are against the preponderance of the testimony heard at the trial.

The testimony in this case being such as to not authorize our interference under the stated rule of practice, and there being no other error in the judgment, it is affirmed.