## Fergerson v. Rieke, et al.

(Decided November 18, 1927.)

(Rehearing Denied, with Modification, February 24, 1928.)

### Appeal from McCracken Circuit Court.

1. Frauds, Statute of.—Agreement which, though indefinite in its terms as to time, was one which might have been performed within a year from its date, was not required by Ky. Stats., sec. 470 to be in writing.

2. Ejectment.—Burden was on heirs to prove allegation of their petition that deed and lease of testator's property executed by them, which deed provided that title should not vest in grantee until 15 years after testator's death, were intended to be a mere option to purchase, which had been abandoned, where grantee traversed it, and, heirs having failed to sustain their contention by proof, title vested in grantee on expiration of the 15 years.

3. Deeds.—Though at common law a freehold estate could not be created to commence in futuro without an intermediate estate to support it, under the operation of the statute of uses, such a freehold estate may be created by a deed of bargain and sale.

4. Wills.—Deed executed by heirs conveying realty, in violation of valid restraint against alienation contained in the will of their testator, would not be void but voidable by testator, if he had lived, or by his heirs not joining in deed.

5. Estoppel.—Heirs joining in deed containing covenant of general warranty conveying realty in violation of valid restraint on alienation contained in testator's will would be estopped to deny validity of conveyance.

6. Tenancy in Common.—Though a tenant in common may not maintain ejectment against a cotenant in common, he may maintain ejectment against a stranger to the title.

7. Parties.—Though all cotenants should be joined as parties plaintiff, in ejectment action, or, if they refuse to so join, should be made parties defendant, in absence of objection by defendant based on lack of proper parties to the suit, the tenant in common who sues may maintain the action against stranger to title.

8. Tenancy in Common.—That rental agent in charge of property for heirs who had conveyed property to plaintiff, and for surviving

husband of a deceased heir who had an interest in the property and with whom plaintiff was a tenant in common was made a party defendant in ejectment action did not defeat plaintiff's cause of action against the heirs who had parted with title; there being no unity of interest between such heirs and the surviving husband.

9.  Pleading.—When defendants' motion for judgment on pleadings was made solely to test question whether plaintiff's case on the pleadings fell within the rule forbidding one cotenant to sue other cotenant in ejectment, and was of nature of demurrer, trial court should have overruled motion and permitted case to be tried on merits.

W. MIKE OLIVER for appellant.

WHEELER & HUGHES for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

This is an action of ejectment brought by the appellant against the appellees. On the motion of the appellees for a judgment on the face of the pleadings, the court entered judgment for them, and the appellant brings this appeal.

The facts as disclosed by the pleadings are these: On November 27, 1918, the appellees Frank H. Rieke, Wm. H. Rieke, Lilly Rieke Clark, her husband, Edward Clark, Clara Rieke Burnett, and her husband, Emmett Burnett, hereinafter referred to as the Rieke heirs, by a deed with a covenant of general warranty conveyed to the appellant the property involved in this litigation. The consideration for this conveyance was the sum of $10,000, evidenced by a note payable on the 30th of December, 1925, with interest from the date of the conveyance until paid; a lien being retained on the property to secure this note. The deed provided that the grantee should maintain insurance on the property in the sum of not less than $5,000 and cause the policy to be assigned to the grantors to secure them in the payment of the note mentioned. The deed provided that the title conveyed by it was not to vest in the grantee until the 29th day of December, 1925, which, as the deed recited, would be 15 years following the date of the death of Wm. H. Rieke, from whom these grantors had inherited the property. Contemporaneously with the execution of this deed these Rieke heirs executed a lease to the property in question to the appellant. By this lease the appellant agreed to pay for the occupancy of the property until title should vest in him, as provided

by his deed, the sum of $600 per year, together with all the taxes, assessments, and insurance on the property. The lease further provided that the interest payments on the note mentioned in the deed of conveyance should be construed as a payment of the rent provided for by this lease. It seems that in the will of Wm. H. Rieke under which the Rieke heirs hold this property it was provided that the property should not be alienated for 15 years. It is perfectly obvious, and indeed it is admitted in the pleadings, that the scheme of this deed and lease was gotten up to evade the restraint on alienation provided for in the Rieke will.

At the time the parties executed these documents, it was supposed that the grantors were the sole owners of the property. They had had a sister, Carrie L. Cooper, to whom, along with themselves, the property in question had been willed by their father, Wm. H. Rieke. This sister had died after the death of their father and before the execution of the deed and lease above mentioned. She left surviving her a husband, James E. Cooper, and in some litigation which had been had in the McCracken circuit court it had been adjudged that he took no interest as a tenant by curtesy in the property in dispute herein. However, after the deed and lease above mentioned had been executed, the judgment of the McCracken circuit court, on an appeal prosecuted to this court, was reversed, and James E. Cooper was held to have a curtesy interest in the property. Cooper's Adm'r v. Clarke, 192 Ky. 404, 233 S. W. 881. While this appeal was pending in this court, the Rieke heirs were unable to put the appellant into possession of the property in question, and thereupon a supplemental agreement was drawn up, which was signed, however, only by F. H. Rieke. This supplemental agreement provided that as long as the appellant was out of the possession of the property the Rieke heirs were to collect the rents from such tenants as were in the property, apply the same to the payment of taxes, insurance, and assessments and the rental or interest on the $10,000 note, and that, when the appellant should be put in possession of the property, there should be an accounting, and, if the rentals the Rieke heirs had collected exceeded the amounts to which these rentals were to be applied, the Rieke heirs should pay the appellant any such excess, and, on the other hand, if there was a deficiency, appellant would pay the heirs such deficiency. As this agreement, though in-

definite in its terms as to time, was one which might have been performed within a year from its date, it was one not required by section 470 of the Statutes to be in writing. East Tenn. Tel. Co. v. Paris Electric Co., 156 Ky. 763, 162 S. W. 530. Although this agreement was signed only by one of the Rieke heirs, they all did collect the rents from the tenants from November 16, 1919, to date. The appellant was never put in possession of the property.

On December 30, 1925, title then having vested in him under the deed above mentioned, as appellant contends, he wrote to the appellees offering to pay his note and to adjust the matter of the rentals, taxes, insurance, and assessments. The Rieke heirs declining to accept payment of the note, which they have retained from the time it was delivered to them to date, and declining to yield up possession of the property to the appellant, he brought this action of ejectment against them, certain alleged tenants in the building, and Wm. Burnett. He did not make James E. Cooper a party to the suit. The only one of the alleged tenants in the building who answered disclaimed any title to the property or right to hold it. Wm. Burnett by his answer claimed that he was in the custody and charge of the property as rental agent for the Rieke heirs and James E. Cooper. By their answer the Rieke heirs asserted that the conveyance and lease above mentioned were in fact and in truth only an option to purchase on the part of the appellant, which option to purchase had long since been abandoned by all of the parties, and that through mistake and oversight the deed and lease did not express the true agreement of the parties. No request, however, was made to reform these instruments to express such alleged true agreement of the parties, nor was any motion made to transfer the case to equity for that purpose. By a reply the appellant traversed the claim of the appellees to the effect that this lease and deed constituted an option to purchase, which had been abandoned, and reiterated that the deed and lease were exactly what they purported to be on their faces. With the pleadings in this shape, the appellees made a motion for a judgment on the face of the pleadings, with the result above noted. We have not overlooked the fact that the appellant offered to file an amended petition, which the court declined to allow him to do, but, in view of the disposition we think should

have been made of this case, we need not consider this alleged error on the part of the trial court.

We are informed, in brief of counsel for the appellees, that the trial court entered the judgment it did because one owner of an undivided interest cannot maintain ejectment against the owner of another undivided interest in the same property, and the case of Higgins v. Howard, 61 S. W. 1016, 22 Ky. Law Rep. 1863, is cited to sustain that proposition. It is perfectly plain, though, that so far as the Rieke heirs are concerned this principle has no application. Conceding, without deciding, that their answer, alleging that the deed and lease were in fact only meant to be an option to purchase which had been abandoned, presented a valid defense, yet the burden of establishing this answer after it had been traversed by the appellant was upon them, for on their faces the deed and lease purported to be nothing but a conveyance and lease. The appellees having failed to offer proof to sustain their contention, the deed and lease must be taken to be such and nothing else. The time when the title should have vested by the terms of the deed having passed, the title to the property in question under this deed vested in the appellant. Although at common law a freehold estate could not be created to commence in futuro without an intermediate estate to support it, yet, under the operation of the statute of uses, such a freehold estate may be created by a deed of bargain and sale, which the deed here before us was. Although this precise question, so far as our researches have determined, seems not to have been before this court heretofore for adjudication, yet the great weight of authority in sister jurisdictions is to this effect, as may be seen from a collection of them to be found in 18 C. J. 313, and 8 R. C. L. 1065.

Although this deed and lease were devised to defeat the restraint on alienation contained in the ancestor's will, yet, had these heirs in 1919 made a conveyance to take effect at once of the property in question, such deed, though in violation of the restraint on alienation, would have been voidable and not void. It would have been good as against the Rieke heirs and only voidable at the election of Wm. H. Rieke had he lived or his heirs after his death. Kentland Coal & Coke Co. v. Keen, 168 Ky. 836, 183 S. W. 247, L. R. A. 1916D, 924. Since W. H. Rieke's heirs after his death were the same as the grantors in the deed here in question, they would have been

estopped by their covenant of general warranty to avoid
it. It is therefore apparent that the Rieke heirs could
not have avoided such a deed, and a fortiori they cannot
now avoid the deed they did make because it was intended
to avoid the restraint on alienation contained in the will
of their ancestor. It therefore follows that the title of
the Rieke heirs vested in the appellant on December 29,
1925, and that these Rieke heirs were after that date
strangers to the title.

Now, while a tenant in common in realty may not
maintain ejectment against a cotenant in common, he
may maintain ejectment against a stranger to the title.
Although, as held in Shelby v. Shelby et al., 194 Ky. 141,
238 S. W. 371, all cotenants should be joined as parties
plaintiff, or, if any refuse so to join, they should be made
parties defendant, yet, in the absence of an objection on
the part of the defendant based on lack of proper parties
to the suit, the tenant in common who sues may maintin
the action. There was no objection offered by any of
the defendants below based on the defect of proper par-
ties plaintiff or defendant. Hence it follows that the ap-
pellant, though but a tenant in common with James E.
Cooper, had the right to maintain this action against the
Rieke heirs who were strangers to the title. See Brent
v. Long, 99 Ky. 245, 35 S. W. 640, 18 Ky. Law Rep. 137.

Did the fact that the appellant made Wm. Burnett,
who was an agent of James E. Cooper as well as one for
the Rieke heirs, a party defendant, seeking to oust him
as well as the Rieke heirs, defeat the appellant's cause of
action? There was no unity of interest between the Rieke
heirs and Cooper. The latter had an interest in the prop-
erty. The former had none. While the appellant had no
right to oust the agent of Cooper in so far as he held pos-
session as such agent, he did have a right to oust the
Rieke heirs who were strangers to the title. See 19 C. J.
1094, 1095.

It follows from the foregoing that, the lower court
erred in entering a judgment for the appellees on their
motion for a judgment on the face of the pleadings. This
motion for a judgment was obviously made by the appel-
lees for the purpose of testing the question whether the
appellant's case on the pleadings fell within the rule
forbidding one cotenant to sue his other cotenants in
ejectment. It was never intended by the appellees that,
if the court should determine that appellant's case on the
pleadings did not come within that rule, they should be

precluded from presenting evidence to sustain their allegations of fact, which, if established, stripped the appellant of all title to the property in question. The motion, under the circumstances, partook of the nature of a demurrer, which, if it had been filed and overruled, would not have prevented the appellees from presenting their proof. A like result should follow the court's refusal to sustain the appellee's motion for a judgment on the pleadings considering its nature under the circumstances here present. The court, then, should have overruled the appellees' motion for a judgment and permitted the case to be tried on its merits. City Bank and Trust Co. of Hopkinsville v. Dark Tobacco Growers' Co-operative Association, 209 Ky. 330, 272 S. W. 751. Cf. Sharer v. Tuck, 172 Ky. 200, 189 S. W. 27; Smith v. Ruth et al., 183 Ky. 566, 209 S. W. 850.

The judgment of the lower court is reversed for further proceedings in conformity with this opinion.