## Daves' Administrator et al. v. Daves et al.

(Decided Nov. 30, 1937.)

EARLE M. NICHOLS for appellants.

CHAS. G. FRANKLIN and WITHERS & LISMAN for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

G. W. Daves, a resident of Webster county, died intestate in the month of January, 1932, and left sur-

viving him his widow, Mildred A. Daves, and nine children, all of whom were of age. When he died, he was the owner and in possession of personal property worth from $1,500 to $2,000, and consisting solely of farm implements, farm stock, and property of that kind. He was also the owner of an undivided one half interest in a 158-acre tract of land situated in Webster county, and the other half interest was owned by his widow. His debts, including his funeral expenses, amounted to $1,924.25, exclusive of interest. During the latter part of February following the death of G. W. Daves his children and their wives entered into a written contract with his widow by which all the personal property owned by the decedent was turned over to the widow to be hers absolutely, and she was to have the use of the decedent's half interest in the real estate for the remainder of her life, in consideration of which the widow agreed to and did release all her claims under the statute of distribution and dower and assumed and agreed to pay all the decedent's debts. The contract was signed and acknowledged by all the parties, and filed for record in the office of the clerk of Webster county.

The widow never paid any portion of the decedent's debts, and in the month of July, 1935, certain creditors of the decedent appeared in the Webster county court and procured the appointment of B. C. Langley as administrator of the estate and also the appointment of certain appraisers. It was developed by the appraisement that only personal property of the value of $43 was in the hands of the widow, and thereupon the administrator brought suit to sell the real estate for the purpose of paying the decedent's debts. To this suit the widow filed an answer and cross-petition by the second paragraph of which she sought to have the 158-acre tract of land partitioned, and to have set aside to her dower or homestead, in the decedent's part of the land. To the answer and cross-petition the administrator filed a reply denying that the widow was entitled to dower or homestead in the decedent's portion of the land, and pleading in the second paragraph that, by the contract mentioned above, the widow for a valuable consideration had waived all her rights to dower and distribution, and all other claims against the estate except such as were secured to her by the settlement contract. At the same time the administrator and two of

the creditors filed an amended and intervening petition setting up the settlement contract, and seeking to charge her with personal liability for the debts of the decedent. To this pleading the court sustained a demurrer, in so far as it sought a personal judgment against the widow, or sought to affect her marital rights in the estate. Thereupon the administrator and intervening creditors filed an amendment to their petition and intervening petition, and the widow demurred generally to the amendment and also the second paragraph of the reply. The chancellor ordered the widow to appear before the master commissioner of the court and turn over 'all the personal property, or its value, that she received from the estate of her husband, and also to account for all rents and profits arising from the operation of his real estate, but to the extent that it was sought to bar the widow's marital rights in the estate of her husband, and to impose personal liability for his debts, demurrers were sustained and the amended and intervening petition and the subsequent amendments thereto were dismissed. The administrator and creditors appeal.

We have on behalf of appellants the following argument: Family agreements in the settlement of estates are favorites of the law, and, when fairly made and the rights of creditors are not affected, are not usually allowed to be disturbed by the parties, or by any others for them. Teater v. Teater, 221 Ky. 732, 299 S. W. 729; 11 R. C. L. section 15. The contract was not only for the benefit of the parties, but was for the benefit of the creditors who had a direct, financial interest in its performance, and they could sue thereon, although not parties to the agreement. Chesapeake & O. R. Co. v. Wadsworth Electric Mfg. Co., 234 Ky. 645, 29 S. W. (2d) 650; Jackson Lumber Co. v. Union Transfer & Storage Co., 246 Ky. 653, 55 S. W. (2d) 670. As the widow accepted the benefits of the contract, and the creditors were misled to their detriment, she is now estopped to deny the validity and binding force of the contract. Fergerson v. Rieke, 223 Ky. 321, 2 S. W. (2d) 405.

It is true that by the contract the widow agreed to pay the indebtedness against the decedent's estate, but the contract also contains the following recitation:

"And it being the desire of all the parties hereto to settle the estate of the said G. W. Daves with as little expense as possible, and at the same time take care of the second party, the decedent's widow."

As it was the plain purpose of the contract to settle the estate with as little expense as possible, and at the same time take care of the widow, it is at once apparent that the parties intended to substitute the widow for an administrator, and require her to pay the debts of the decedent out of the assets available for that purpose. Certainly it was not intended that the contract should be for the benefit of the creditors in the sense of imposing upon the widow any liability in excess of the assets to which the creditors had the right to resort. There is no contention that they knew of the contract, and were misled to their prejudice. Notwithstanding the contract, they were at liberty to procure the appointment of an administrator, and have the available assets subjected to their claims. It would be going far afield to say that they can now come in and collect their entire claims under a contract which was made solely for the benefit of the widow. It follows that the court did not err in holding that the widow was not personally liable.

Judgment affirmed.