Chief Justice Robertson
delivered the Opinion of the Court.
This is an action of ejectment, on a joint and several demise, in the names of sundry persons claiming as tenants in common, under the will of one Coulter.
Judgment of eviction, for the entire tract of land, as described in the declaration, having been rendered against the defendant in the action, he has appealed to this court.
Two question only will be considered : 1st. Can the judgment for the entire tract of land be sustained ? 2nd. Did the circuit court err in instructing the jury ?
First. Thomas Stagner, who was living at the time of the trial, was the husband of one of the tenants in com-i ~ . , , , . _ , , mon upon whom Coulters title had been cast. He and his wife resided on the land during the subsistence of - . . . ° their marriage relation : she had died leaving children by him,who may inherit her interest. He was, therefore, entitled to that interest during his life, as tenant by the courtesy; and his children, who are co-lessors with oth *210 ers, could make no "valid lease. He is not-a-lessor ; and consequently, to the extent of bis interest-, the title of the lessee failed. Nevertheless, there might have been a recovery according to the right as proved. But the judgment should have been for the undivided interests of such of the lessors as had title, and not for the entire tract of land. A plaintiff may recover less than he sues for ; but should not have judgment for more than he establishes a right to recover. To the extent of Thomas Stagner’s interest, no cause of action existed, and there should, therefore, to that extent, be-no eviction. Wherefore, in that respect the judgment is erroneous.
Lessee of tenants in common, suing for tire whole tract, may recoyer for as much as he shews title in, and demises by, any of the co-tenants. But a judg’t for more -for the whole, when there are co-tenants on whose title there is no demise, is ■erroneous.
A deed transmitted from abroad to an agent in the.co. where the land lies, to be-there recorded, takes effect, by delivery, as soon as it is lodged in the clerk’s office — the assent of the agent to its being recorded, not being essential.
Q,iiery — upon the acts of 76 and 97, relating to privy examinations of nonresident femes covert.
So far as a contrary doctrine may have been intimated in the case of Hume vs. Langston, lately decided by this court, the proper application of the legal rule was misconceived. Though that case and this are not precisely alike. In this.case, if Daniel should be evicted from the entire tract, he could not obtain restitution, because the record would not shew that such eviction was not authorized by the judgment.
Second. A conveyance to the appellant from Bratton and wife, two of the lessors, having been certified, and transmitted from their residence in Missouri, to Thomas Stragnér, to be recorded in the county in which the land lies, .and having been there recorded, — the circuit court instructed the jury, that it passed no title unless it had been recorded with Stagner’s assent. As it does not appear that Stagner had any special authority, or that any condition was prescribed as to the delivery of the deed by him, the instruction cannot Ire sustained. His consent to the recording of the deed does not appear to liave been required by the grantors. And if he were only the selected instrument for transmission, the delivery to him, for the appellant, should be deemed a delivery to the latter, the instant the deed came into the clerk’s office for registration.
The privy examination of Mrs. Bratton was certified by two justices of the peace ; and this record does not shew, that they had been empowered by a commission from the clerk of the county in which the deed was to be recorded. Whether the statute of 1778, (1 Dig. 306,) *211 is still in force, and the sixth section of that of 1797, (Ibid, 313,) is only cumulative, or whether the latter should be deemed the- only existing law which applies to this subject, w.e need not decide, because the question may not arise upon another trial, and is- not even now directly presented.
Judgment reversed, and cause remanded for a new trial.