# Craig *vs* Taylor and wife. Same *vs* Dale.

EJECTMENT.

APPEAL FROM THE WOODFORD CIRCUIT.

*Case* 94.

*Ejectment. Joint tenants. Tenants in common. Evidence.*

JUDGE MARSHALL delivered the opinion of the Court.

*June* 3.

Although the land is conveyed to Taylor and wife and to Dale, by the same common boundary, by the same deed, and by the same words of conveyance, yet as the deed discriminates with regard to the extent of the interest conveyed to the parties respectively, and conveys to Taylor and wife about three fifths and to Dale about two fifths of the land, it must be regarded as vesting in them respectively distinct, though undivided interests, and as making them tenants in common, and not joint tenants.

A deed of conveyance to two by a common boundary, yet discriminating with regard to the interest conveyed to each, respectively, is to be construed as conveying to, and vesting in, the grantees respectively, distinct though undivided interests and creates a *tenancy in common,* not a *joint tenancy.*

Whatever might be the rule as to joint tenants, they had unquestionably the right, as tenants in common, to maintain separate actions of ejectment, for the recovery of their respective portions of the land; and if on the ground of convenience any objection could have been made to their sueing separately, instead of bringing a single action upon their several demises, such objection should have been made at an early stage of the suits, and was unavailable at the trial. We do not, however, know of any rule of practice by which tenants in common, electing to sue separately in ejectment, can be compelled to consolidate their actions, or to commence a new one founded on the demise of each.

Tenants in common may maintain separate actions of ejectment for their interests, so may joint tenants, unless the exception be made before the trial.

Another objection made to the right of recovery in each case is, that the deed excepts from the conveyance so much of the land within the designated boundary, as William Christopher was entitled to, by agreement with Craig, whose title was sold and conveyed by the Sheriff's deed, and it is contended that neither the deed nor any other evidence in the case shows either that Christopher's interest had ever been separated, or what was its ex-

tent or position. On these grounds the defendant moved in each case for instructions that the evidence did not authorize a verdict for the plaintiff; and the motion having been overruled, the jury found the defendant guilty, in the case of Taylor and wife as to one hundred and fifty one two hundred and fifty one parts, and in the case of Dale as to one hundred two hundred and fifty one parts of the land in the declaration mentioned, without any reference whatever to the interest of Christopher, and without designating any division line or other object which might limit the extent of the recovery, and the declaration claims much more land than is contained in the boundaries of the deed. A motion for a new trial on the ground that the verdict was for too much land, and was unauthorized by the evidence, and that the Court erred in refusing the instruction asked for by the defendant, was overruled in each case, and a judgment rendered in each, in pursuance of the verdict.

Upon the exceptions to the refusal of a new trial two questions arise : 1st. Whether the evidence authorized a recovery by the plaintiff to any extent; and 2d. Whether it authorized the verdict as rendered, and the last question involves the construction of the verdict itself.

A verdict in favor of one or more tenants in common, which does not designate the extent of the interest found to belong to the plaintiff or plaintiffs, is defective and a judgment thereon cannot be sustained.

If the interest of Christopher was not in fact separated from that of Craig, or the grantees of his interest under the Sheriff's deed, then the plaintiff in each of these cases was tenant in common, not only with the plaintiff in the other case, but also with Christopher, and it would be necessary that the verdict and judgment should show to what portion of the entire tract the plaintiff was entitled, that is, they should show the extent of his interest in the title, either by finding the defendant guilty as to a certain aliquot part of the whole, or as to a certain number of acres which would be his aliquot part: *Craig* vs *McBride*, (9 *Dana*, 397,) *Dougherty* vs *Lynthicum*, (8 *Dana*, 196–7,) *Daniel* vs *Bratton*, (1 *Dana*, 210.) If, therefore, the interest of the plaintiff or his lessor, be an undivided interest in the whole tract, the evidence must show the exent of that interest, or it is insufficient to authorize a verdict for him ; and as there is not in either of the cases any evi-

dence tending to prove the extent of the plaintiff's interest in the whole tract, it follows that upon the hypothesis now assumed, the instruction asked for should have been given, and that the verdict in each case is unauthorized, and is also either for too much land, if the two verdicts are understood as covering the whole boundary contained in the deed, or is fatally defective for uncertainty, if Christopher's interest is understood as being excluded, since that interest is itself unascertained even if it were referred to at all in the verdict.

Upon the question whether there had been a division or separation of Christopher's interest; the only evidence is the statement of the Sheriff, who made the sale and deed, that at the time of the sale Craig told him that he and Christopher had agreed on a division line, in his opinion a branch, and all that was wanted was to get it surveyed, and that afterwards he told him the agreement was completed. This evidence was not objected to and would perhaps authorize the inferrence, that after the sale a division line had been run between Craig and Christopher, and by them, and that it was upon some branch. This evidence would not in our opinion have authorized the jury to find that there had been such a severance of title as would have made the lessors, in these actions, tenants in common of a particular part of the tract, to the exclusion of Christopher, and would have made him sole tenant of the residue. But even if it would have authorized such a finding, we are of opinion that the verdict for a certain portion of the whole land mentioned in the declarations, does not imply necessarily that the jury did find that there had been such a division; and there being no referrence in the verdict to any object or fact which might restrict the finding to any distinct portion of the boundary described in the deed, and nothing to show that the possession of the defendant, was thus restricted, there is nothing to restrict the extent of the possession to be delivered to the plaintiff, and we are inclined to the opinion that the verdict must, even in this view of the case, be regarded as being for too much land, and as being therefore unauthorized by the evidence.

CRAIG
vs
TAYLOR & WIFE,
&c.

Parol proof of a severance between tenants in common, is sufficient in ejectment to show a separate title in a particular part.

Wherefore the judgment in each case is reversed, and the cause remanded for a new trial.

*Hewitt* for appellants; *Woolley & Kinkead* for appellees.