### WHITTLE et al. *v.* ARTIS et al.

### SAME *v.* BOOKWALTER.

#### (Circuit Court, S. D. Ohio. May 12, 1893.)

1. EJECTMENT—ACTION BY TENANTS IN COMMON—NECESSARY PARTIES.
    One or more tenants in common may sue in ejectment to recover their undivided interest without joining all their cotenants.

2. SAME—OBJECTION TO JURISDICTION—DISMISSAL AS TO CERTAIN PLAINTIFFS—RIGHT TO PROCEED.
    An action of ejectment, in which partition at law was also sought, was begun in the circuit court for the southern district of Ohio,—some of the plaintiffs being citizens and residents of Virginia; others, of Maryland; and two, of the District of Columbia. All the defendants were citizens and residents of the southern district of Ohio. On defendants' objection the joinder of citizens and residents of the District of Columbia as parties plaintiff was held to be fatal to the jurisdiction of the court. On plaintiffs' motion the action was dismissed without prejudice as to the residents of the District of Columbia, as was also so much of the action as sought partition, leaving the action pending as an action in ejectment by the remaining plaintiffs. *Held,* that the remaining plaintiffs were entitled to proceed with the action, and that it need not be dismissed by reason of the objection to the jurisdiction.

3. SPECIAL APPEARANCE—EFFECT—JURISDICTION.
    The court being without jurisdiction of the action, as originally brought, the service of summons was ineffectual, and, defendants having appeared specially for the purpose of objecting to the jurisdiction, the remaining plaintiffs could proceed in the case only by obtaining new summons and service.

At Law. These were actions of ejectment. The first-entitled case arose in the eastern division, and the second in the western division, of this district. They are now heard together on motions to dismiss. Denied on terms.

Matthews & Cleveland, for plaintiffs.

R. A. Harrison and W. H. West, for defendants.

SAGE, District Judge. These cases involve the same questions. They are in ejectment against cotenants for an undivided interest in lands. Some of the plaintiffs are citizens and residents of Virginia, and others, of Maryland. In each petition, as it originally stood, partition at law was also sought, and Jane Barr and her husband, David Barr, citizens and residents of the District of Columbia, were joined as plaintiffs; all the defendants being citizens and residents of the southern district of Ohio. Upon the defendants' objection, under a special appearance for that purpose only, this joinder was held to be fatal to the jurisdiction of this court. Thereupon, on motion of the plaintiffs, the action was dismissed without prejudice as to Jane Barr and David Barr, as was also so much of the action as related to partition of the real estate described in the petition. These dismissals left the actions pending as actions in ejectment by the remaining plaintiffs. Now the objection is made that the case cannot proceed on their behalf only, and it presents the questions whether, by reason of the objection to the jurisdiction, the actions must be dismissed, and whether all the tenants in common are necessary parties to the action. They were necessary parties to the action for partition. But that action, although joined with the action in ejectment, was separable and independent, and might be, as it was, dismissed without prejudice, and without affecting the jurisdiction of the action in ejectment. If Mrs. Barr and her husband, as plaintiffs in the action in ejectment, could be dismissed therefrom, and the action still be maintained, the action could proceed; otherwise, it must be dismissed. Jane Barr and her husband are not necessary parties to the action in ejectment. At common law, tenants in common cannot join, but must sever, in separate demises, in a declaration in ejectment. Chit. Pl. § 71. A tenant in common recovers only his aliquot part or share. Mobley v. Bruner, 59 Pa. St. 481; Minke v. McNamee, 30 Md. 294; Jones v. Walker, 47 Ala. 175. Two or more tenants in common may sue in ejectment, or any one may sue alone for his share. Tilden v. Tilden, 13 Gray, 108; Bush v. Bradley, 4 Day, 303; Penrod v. Danner, 19 Ohio, 218; Shepard v. Ryers, 15 Johns. 501. I see no necessity for a dismissal, but service of summons in an action over which the court at the time has no jurisdiction brings nobody into court. The appearance was special, for the purpose only of objecting to the jurisdiction, and there must be new summons and service, (excepting in No. 570, where there was a general appearance,) and the plaintiffs must pay the costs already incurred.

Upon these terms the motion to dismiss will be overruled.