## Shelby v. Shelby, et al.

(Decided March 7, 1922.)

### Appeal from Lincoln Circuit Court.

1. Ejectment—Pleading—Defect of Parties.—Where the petition in a suit of ejectment shows on its face that the tract of land, which the plaintiff seeks to recover, belongs to her and another person, not made a party to the action, the defect of parties may be raised by special demurrer, and if so raised, should be sustained; if after the demurrer is sustained the plaintiff declines to further plead, the petition should be dismissed.

2. Ejectment—Parties.—A joint owner of land, who refuses to become a party plaintiff in an action in ejectment to recover the entire tract, should be made a party defendant, the reason being assigned in the pleading.

3. Ejectment—Defect of Parties.—If a defect of parties plaintiff appearing in the petition be not objected to by demurrer or motion, it is waived, and the plaintiff, even in an ejectment suit, may have a recovery, if she show herself entitled thereto, of that part of the land only which is her share of the tract.

J. B. PAXTON, NELSON D. RODES, CHAS. H. RODES, GEORGE STONE and W. S. LAWWILL for appellant.

K. S. ALCORN and P. M. McROBERTS for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant, Mary P. Shelby, brought a suit in ejectment against appellees, Isaac Shelby and Steele Shelby, to recover the possession of a tract of land, and in doing so averred: "Plaintiff, Mary P. Shelby, states that she and one Florence Shelby, her sister, are the owners of and entitled to the immediate possession of that certain tract of land in Lincoln county, Kentucky, on the waters of Knob Lick creek that is known as Arcadia," and then follows a minute description of the boundary of land sought to be recovered. It is also further averred in the petition that the defendants, Isaac Shelby and Steele Shelby, are in possession of said real estate, and have "failed and refused to vacate said premises after demand made, and wrongfully keep plaintiff out of the possession."

Appellees filed a special demurrer to the petition for defect of parties plaintiff, which was sustained, and upon plaintiff's refusal to further plead the action was dismissed and Mary P. Shelby appeals. This objection is bottomed upon the ground that the petition shows that

the plaintiff, Mary P. Shelby, is not the sole owner of the lands in controversy, but she and her sister, Florence Shelby, are the owners and entitled to the immediate possesion of said lands. At common law a tenant in common was obliged to prosecute his action alone for the recovery of real property, while joint tenants were required to all join in an action for the same purpose. We have changed the rule somewhat by our Code provision, section 24, which reads: "Parties who are united in interest must be joined as plaintiffs or defendants; but if the consent of one who should be joined as plaintiff cannot be obtained, he may be made a defendant, the reason being stated in the petition." Manifestly the plaintiff, Mary P. Shelby, and her sister, Florence Shelby, who were joint owners of the lands sought to be recovered were united in interest, and should have been joined as plaintiffs if Florence consented to be a party plaintiff, but if she would not consent to be a party plaintiff then she should have been made a party defendant, so that the rights of all the parties jointly interested in the controversy might be fully and finally determined. It is insisted, however, it is the duty of a court, under section 28 of the Civil Code, to determine any controversy between the parties before it, if it can do so without prejudice to others, and if it cannot do so it must require such other persons to be made parties or dismiss the action without prejudice. If no objection had been made by appellees (defendants below) to the proceeding instituted by appellant, Mary P. Shelby, for defect of parties plaintiff and the action had been tried out, appellees would have been bound by the result of the trial. In other words, Florence Shelby was not an absolutely necessary and indispensable party to the action, but she was a proper party, and a party which the defendant below had a right, as a matter of law, to require to be brought in as a party to the action, either as a plaintiff or defendant. Had she not been brought in and no objection made on this account, the plaintiff, Mary P. Shelby, if entitled to recover at all, would have been adjudged an aliquot part of the lands involved according to her right. Craig v. Taylor, 6 B. M. 458; Luckett v. Stith, 7 Dana 311; Daugherty v. Linthican, 8 Dana 196; Frazier v. Spears, 2 Bibb 386; Bell v. Laymon, 1st T. B. M. 40; Brent v. Long, 18 K. L. R. 137;15 Cyc., page 80; 7 R. C. L., page 906.

In discussing this question, Newman in his work on Pleading and Practice, section 126, says: "In actions for

the recovery of land which is susceptible of division, co-parceners or tenants in common may sue separately, or some may sue without the others; and if the want of necessary parties is not objected to before the trial they may recover a certain aliquot part of the whole, or as to a certain number of acres which would be their aliquot part of the whole, according to their title.''

As a defect of parties was apparent upon the face of the petition it was subject to special demurrer under subsection 4 of section 92 of the Civil Code, which provides that, ''a special demurrer is an objection to a pleading which shows . . . that there is a defect of parties plaintiff or defendant.'' The same Code provision requires objection to be made to such defect of parties plaintiff or defendant, when or before there is filed a pleading other than a demurrer, and if no objection is made in this manner or by other appropriate pleading, the objection is waived, and the single plaintiff, as in this case, will be allowed to prosecute the action to judgment.

When the defendants below by special demurrer raised the question of defect of parties plaintiff, and this defect was apparent from an examination of the petition, the trial court properly sustained the demurrer with leave to the plaintiff to amend, but upon her declining to further plead and to make her joint owner of the lands in controversy a party either plaintiff or defendant, the trial court could do but one thing, dismiss her action.

Judgment affirmed.