**KENTUCKY NATURAL GAS CORPORATION v. DUGGINS et al.**

**DUGGINS et al. v. KENTUCKY NATURAL GAS CORPORATION.**

Nos. 10503, 10504.

Circuit Court of Appeals, Sixth Circuit.

Feb. 13, 1948.

1012

Morton Holbrook, of Owensboro, Ky., (Morton Holbrook, of Owensboro, Ky., on the brief), for appellants and cross-appellees.

Thomas E. Sandidge, of Owensboro, Ky., (Thomas E. Sandidge and Hubert Meredith, both of Owensboro, Ky., on the brief), for appellees and cross-appellants.

Before HICKS, ALLEN, and MILLER, Circuit Judges.

MILLER, Circuit Judge.

The appellants, as the lessee and its assignees of an oil and gas lease, appeal from a judgment of the District Court cancelling the lease for fraud in its procurement. The appellees in the original appeal, who are the heirs of the lessor, took a cross-appeal from that part of the judgment which awarded them $20,000 instead of ordering an accounting as prayed for in the complaint. Previous litigation involving the lease is shown by Daly v. Spencer's Committee, 260 Ky. 19, 83 S.W.2d 502.

David Duggins and his wife Elvina Duggins, who owned the 75-acre tract in question located in Ohio County, Kentucky, both died intestate prior to 1912 leaving as their heirs-at-law their six children, including C. H. Duggins, who filed this action in the District Court, and Delia Spencer. By deed of March 18, 1912, five of these children conveyed their interest in the land to Delia Spencer, although the husband of one of them, Sallie J. Harris, did not join in the deed. On February 15, 1924, the property was sold for taxes, and on March 9, 1934 C. H. Duggins, the then owner of the tax title, leased the property for oil and gas purposes to the Kentucky Natural Gas Corporation, hereinafter called Kentucky Natural. The validity of the tax title and the resulting lease was questionable. On June 23, 1934, C. F. Spencer, the husband of Delia Spencer, was appointed her Committee by the County Court, and on June 25, 1934 the State Circuit Court approved an oil and gas lease executed by the Committee to Mary R. Combs. On June 28, 1934, the heirs of Sallie J. Harris, whose husband did not join in the deed to Delia Spencer, executed an oil and gas lease to Mary R. Combs. The validity of the lease to Combs on the part of C. F. Spencer, Committee, was also questionable for failure to have Delia Spencer judicially declared insane before the appointment of the Committee. See Daly v. Spencer's Committee, supra. On July 16, 1934, certain nieces and nephews of Delia Spencer filed a petition in the State Circuit Court for an inquest into the sanity of Delia Spencer and for the appointment of a Committee for her. On July 24, 1934, a jury found her insane and the Court appointed R. R. Riley as her Committee. On that date Riley, as such Committee, executed the oil and gas lease on the Delia Spencer tract to Kentucky Natural, which is attacked for fraud in this action. On July 25, 1934 he filed a suit in the State Circuit Court and secured its judgment giving approval to this lease. This lease was for the consideration of $1 and a one-eighth royalty of the oil and gas produced from the lease. The District Judge placed the value of the lease at $20,-000. On July 25, 1934, Kentucky Natural assigned one-half of its interest in this lease to Bonnie Sosh, Trustee. In February 1935, Bonnie Sosh, Trustee, transferred her one-half interest to the appellant W. E. Hupp, who in July 1935 transferred a part of this half interest to certain associates, K. Z. Wilking, Margaret A. Hinchey, Ruby C. Maxwell and Robert E. Hupp, also appellants herein. In March 1937, Kentucky Natural assigned its half interest in the lease to Western Kentucky Petroleum Corporation, whose name was subsequently changed to Sohio Petroleum Company, also an appellant herein.

Delia Spencer died intestate on March 16, 1941, leaving as her heirs-at-law three brothers, C. H. Duggins, Albert Duggins and J. W. Duggins, five nephews, three nieces, two grand-nephews and one grand-niece. On July 13, 1944, C. H. Duggins, through his attorney, Thomas E. Sandidge, filed this action in the District Court against R. R. Riley individually and as Committee for Delia Spencer, the Kentucky Natural Gas Corporation, as lessee under the lease of July 24, 1934, and the assignees of said leasehold interest, alleging that the lease from Riley as Committee to the Kentucky Natural was fraudulently procured. The complaint stated that the plaintiff C. H. Duggins was a citizen of Illinois; that the defendant Riley was a citizen of Kentucky; the defendant, Kentucky Natural, a Delaware corporation, and the other defendants citizens of Kentucky and Ohio, and that the matter in controversy exceeded $3,000. It asked that the lease be cancelled and that the defendants account to the plaintiff for one-fifth of the value of the oil produced by them thereunder. On July 21, 1944, the thirteen other heirs-at-law moved through Hubert Meredith, their attorney, to intervene in the action and to be made parties thereto, their motion stating that each of them had a valuable interest in the proceeding and that their respective claims and the main action had questions of both law and fact in common. Their intervening petition, tendered at the same time and marked filed by the Clerk's Office, stated that they were familiar with the allegations in the complaint, that such allegations were true and were adopted as a part of the intervening petition. It likewise prayed that the oil and gas lease be cancelled and the defendants account to them for the oil produced under the lease. After motions to dismiss for failure to state a cause of action were overruled, separate answers were filed by the defendants on October 12 and 14, 1944. Separate answers were filed to the intervening petition on September 14, 1944. On November 26, 1945, the defendants moved to strike from the record the intervening petition on the ground that it was endorsed filed by the Clerk of the Court without any order of the Court permitting the filing of said petition or permitting said persons to intervene. On the same day the Court entered an order reciting that the motion to intervene had been previously sustained but through inadvertence an order to that effect had not been entered, and ordering that the intervening petition be considered as filed with permission of the Court as of the date of its tender in the Clerk's office. On November 28, 1945, the defendants moved that the action be dismissed on the ground that the Court was without jurisdiction to proceed further for the reason that claims asserted by the plaintiff and the intervening petitioners were identical in seeking the same relief against the same defendants; that all of the intervening petitioners were indispensable parties to a full and complete determination of the issues involved and when properly aligned became plaintiffs who were citizens and residents of Kentucky, which destroyed the diversity of citizenship between the plaintiffs and the defendant. On December 21, 1945, the original plaintiff, C. H. Duggins, moved to dismiss and strike from the record the intervening petition. On May 6, 1946, the Court entered an order overruling both the defendants' motion to dismiss the action and the plaintiff's motion to dismiss the intervening petition. The case was subsequently tried on its merits, resulting in the judgment which cancelled the lease, and from which this appeal is taken.

The District Court's findings of fact, conclusions of law and opinion treat fully of the case on its merits, but merely state without discussion, that the Court had jurisdiction of the parties to the suit and of the subject matter thereof. This conclusion is vigorously contested by the appellants and the question is extensively and ably briefed by counsel for respective parties. We have concluded that the appellants are correct in their position and that the District Court lacked jurisdiction to hear the case. This ruling renders unnecessary a consideration of the appeal on its merits or of the cross-appeal.

Before discussing what we consider the real issue in the case, we may state that we do not agree with one of the contentions of appellants that the District

Court lacked jurisdiction because of collusion between the plaintiff and intervening petitioners below in seeking jurisdiction. The refusal of the plaintiff's attorney to represent any of the heirs of Delia Spencer except the plaintiff, C. H. Duggins, in order to be able to bring his action in the Federal District Court, if such is the case, is not collusion as the term is generally used and understood. The plaintiff had the right to prefer to take his litigation into the Federal Court, instead of proceeding in one of the courts of the State, if the facts were not feigned or made merely colorable for that purpose. Nor does the fact that the other heirs intervened later through a different attorney, as they had a legal right to do, make the combined attack an improper one. The Court will not inquire into a litigant's motives when deciding concerning its jurisdiction, provided no improper act is done in order to confer jurisdiction. Re Metropolitan Railway Receivership, 208 U.S. 90, 110, 111, 28 S.Ct. 219, 52 L.Ed. 403; Black & White Taxicab Co. v. Brown & Yellow Taxicab Co., 276 U.S. 518, 524, 525, 48 S.Ct. 404, 72 L.Ed. 681, 57 A.L.R. 426. Such intervention may defeat jurisdiction on other grounds, as hereinafter pointed out, but not because of collusion.

■ Jurisdiction of the District Court was claimed by the original petition, and existed, by reason of diversity of citizenship and the amount in controversy. Section 41(1) Title 28 U.S.C.A. When Federal jurisdiction is grounded on diversity of citizenship such diversity of citizenship must exist between all the plaintiffs on the one hand and all the defendants on the other. If the person is an indispensable party to the action it is necessary that he be made a party to the suit either as a plaintiff or a defendant, and he will be aligned by the Court in accordance with his real interest in the controversy, even though such an alignment may destroy the necessary diversity of citizenship and result in a loss of jurisdiction. Schuckman v. Rubenstein et al., 6 Cir., 164 F.2d 952; Farr v. Detroit Trust Company, 6 Cir., 116 F.2d 807, 811; Baltimore and Ohio R. R. Co. v. Parkersburg, 268 U.S. 35, 45 S.Ct. 382, 69 L.Ed. 834. Compare Atwood v. National Bank

of Lima, 6 Cir., 115 F.2d 861. In the application of this rule parties to an action are classified as (1) formal parties, (2) necessary but not indispensable parties, and (3) indispensable parties, who are defined as "Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience." Shields, et al. v. Barrow, 17 How. 130, 15 L.Ed. 158; Minnesota v. Northern Securities Co., 184 U.S. 199, 246, 22 S.Ct. 308, 46 L.Ed. 499; Schuckman v. Rubenstein, et al., supra. These well settled rules are applicable when an intervening petition makes new parties to an action over which the Court has previously acquired jurisdiction by reason of diversity of citizenship. If the new parties so brought into the action are not indispensable parties jurisdiction continues to exist. Wichita R. & Light Co. v. Public Utilities Commission, 260 U.S. 48, 43 S.Ct. 51, 67 L.Ed. 124; Stewart v. Dunham, 115 U.S. 61, 5 S.Ct. 1163, 29 L.Ed. 329. However, if the intervening petition is not one merely ancillary to the main action, such as asserting a right in property or a fund in possession of the Court, and brings into the action an indispensable party, and upon proper alignment his citizenship destroys the previously existing diversity of citizenship, the District Court loses jurisdiction to proceed in the action. Kendrick v. Kendrick, 5 Cir., 16 F.2d 744; Forest Oil Co. v. Crawford, 3 Cir., 101 F. 849; Johnson v. Riverland Levee District, 8 Cir., 117 F.2d 711, Annotation 134 A.L.R., 335, 351 through 355; Charleston National Bank v. Oberreich, D.C., 34 F.Supp. 329. See also Wichita R. & Light Co. v. Public Utilities Commission, supra, at page 54, of 260 U.S., 43 S.Ct. 51; Galbraith v. Bond Stores, D.C., 4 F.R.D. 319. The parties apparently agree in the main on the foregoing principles, thus centering the dispute on the question whether the intervening petitioners are indispensable parties to the action.

■ The appellees, in support of their contention that the intervening petitioners are not indispensable parties, rely largely

upon the rule, well settled in Kentucky and in the Federal courts, that one tenant in common may sue in ejectment in order to recover his interest in land without joining the other tenants in common. Craig v. Taylor, 6 B. Mon. 457, 45 Ky. 457; Shelby v. Shelby, 194 Ky. 141, 238 S.W. 371; Hardy v. Johnson, 1 Wall. 371, 68 U.S. 371, 17 L.Ed. 502; Chidester v. City of Newark, 3 Cir., 162 F.2d 598; McComb v. McCormack, 5 Cir., 159 F.2d 219; Whittle v. Artes, C.C.Ohio, 55 F. 919. As pointed out by those cases, a tenant in common in such an action is seeking to recover his aliquot portion of the land involved, and each tenant in common has a similar separate right. The rule does not apply when tenants in common seek to cancel or rescind a lease of oil and gas. In such an action it is the rule that all the tenants in common must unite on account of the contract involved being an entire and indivisible one. Union Gas & Oil Co. v. Gillem, 212 Ky. 293, 298, 279 S.W. 626. The general rule seems well settled both by Federal law and Kentucky law that in an action to rescind a contract all of the parties to the contract are indispensable parties. Shields v. Barrow, 17 How. 130, 58 U.S. 129, 138, 139, 15 L.Ed. 158; Commonwealth Trust Company v. Smith, 266 U.S. 152, 45 S.Ct. 26, 69 L.Ed. 219; Utterback v. Houser, 184 Ky. 789, 792, 213 S.W. 191; Union Gas & Oil Co. v. Gillem, supra; Howard v. Manning, 79 Okl. 165, 192 P. 358, 12 A.L.R. 819. See also Niles-Bement Co. v. Iron Moulders Union, 254 U.S. 77, 41 S.Ct. 39, 65 L.Ed. 145; Roos v. Texas Co., 2 Cir., 23 F.2d 171, 172. In Roos v. Texas Co., supra, the Court points out the distinguishing feature in cases like Williams v. Crabb, 7 Cir., 117 F. 193, 59 L.R.A. 425; Payne v. Hook, 7 Wall. 425, 19 L.Ed. 260, and Waterman v. Canal-Louisiana Bank, 215 U.S. 33, 30 S.Ct. 10, 54 L.Ed. 80, which are relied upon by appellees. Appellees attempt to avoid the effect of this rule by pointing out that the intervening petitioners were not parties to the lease herein involved, but are tenants in common of the land subject to the lease. Kentucky Revised Statutes, § 391.010. If the lease had been made by them as tenants in common after the death of Delia Spencer, the contention might have merit. But in the present case there was only one lessor and only one lease. Delia Spencer, as the owner of the land, was the real lessor. There was but one contract between her and the lessee. It either stands or falls as a single unit. If she had brought the suit the lease could not have been declared one-fifth invalid and four-fifths valid. Her heirs-at-law succeeded to her right as the lessor to have the lease cancelled for fraud. Skidmore v. Harris, 157 Ky. 756, 760, 164 S.W. 98; Adkins et al. v. Adkins, 171 Ky. 762, 768, 769, 188 S.W. 843. In enforcing this indivisible right of Delia Spencer to cancel the lease all of her heirs-at-law are indispensable parties to the action. While there are some authorities indicating a possible contrary view, we believe that the rule as above stated is the correct one and is supported by reason and the weight of authority. Calcote v. Texas Pacific Coal & Oil Co., 5 Cir., 157 F.2d 216; Vincent Oil Co. v. Gulf Refining Co., 5 Cir., 195 F. 434; Keegan v. Humble Oil & Refining Co., 5 Cir., 155 F.2d 971; Franz v. Buder, 8 Cir., 11 F.2d 854, and extended ruling in Franz v. Franz, 8 Cir., 15 F.2d 797; Board of Trustees v. Blair, C.C.W.Va., 70 F. 414; See also Barney v. Baltimore, 6 Wall. 280, 18 L.Ed. 825; California v. Southern Pacific Co., 157 U.S. 229, 256, 257, 15 S.Ct. 591, 39 L.Ed. 683; Texas v. Interstate Commerce Commission, 258 U.S. 158, 163, 42 S.Ct. 261, 66 L.Ed. 531; South Penn Oil Co. v. Miller, 4 Cir., 175 F. 729, 736; Roos v. Texas Co., supra; Kendrick v. Kendrick, supra; Forest Oil Co. v. Crawford, supra; Schuckman v. Rubenstein et. al., supra; Howard v. Manning, supra; Charleston National Bank v. Oberreich, supra.

The judgment of the District Court is reversed, and the action remanded to that Court for the entry of a judgment dismissing the action without prejudice, unless jurisdiction can be shown by amended pleadings.