**224**

MORCO PROPERTIES, Inc., and
Jack Cox, Plaintiffs,

v.

CUMBERLAND CONTRACTING COM-
PANY, Walter Sargent, J. H. Young,
Belle Young and Annie Mae Woods,
Defendants.

Civ. A. No. 853.

United States District Court
W. D. Kentucky, at Paducah.

Aug. 22, 1956.

Thomas E. Sandidge, Sandidge &
Sandidge, Owensboro, Ky., for plaintiffs.

Carl Morrison and A. G. Wickersham,
R. T. Sweeney, Thacker, Sweeney &
Lovett, Owensboro, Ky., for intervening
petitioners.

Duncan & Huddleston, Bowling Green,
Ky., Trimble, Soyars, Keith & Breathitt,
J. C. Fleming, Hopkinsville, Ky., for de-
fendants.

SHELBOURNE, Chief Judge.

This action was instituted October 1,
1955 by the plaintiffs Morco Properties,
Inc., a Florida corporation and Jack Cox
an alleged citizen of Florida against the
Cumberland Contracting Company, a
Kentucky corporation, and the individ-
ual defendants Walter Sargent, J. H.
Young, Belle Young and Annie Mae
Woods, citizens of Kentucky.

It was alleged in the complaint that
Dock Dulin died in 1944, leaving as his
only child and heir at law Annie Mae
Woods (nee Dulin); that the decedent
was the owner of, and transmitted to
Annie Mae Woods by inheritance, 15½
acres more or less of land in Christian
County, Kentucky; that on December
20, 1954 Annie Mae Woods, then a wid-
ow, executed an oil and gas lease to Cox
Drilling Company, composed of the plain-
tiff Jack Cox, Carl A. Morrison and A.
G. Wickersham. The oil and gas lease
was for a term of five years and as long
thereafter as oil or gas should be pro-
duced from the land, reserving to the
lessor an amount equal to one-eighth part
of all oil and gas produced from the
leased premises as royalty.

It is alleged that the lease was recorded December 23, 1954. Plaintiffs allege that in the lease the land was attempted to be described by the names of the owners of the adjoining lands and that in March 1955, it was discovered that the draftsman of the lease had incorrectly named the adjoining landowners on two sides of the land and that a correction or amendment was executed in which the property was more particularly and correctly described by metes and bounds.

The petition alleges that on January 6, 1955, there was recorded a deed dated March 5, 1950, purporting to be a deed from Annie Mae Woods to defendants J. H. Young and Belle Young conveying the 15½ acres of land upon which the oil and gas lease had been executed and that said deed purported to have been acknowledged by Annie Mae Dulin Woods before Louis P. McHenry, a Notary Public for Christian County, Kentucky and that the notary's certificate was undated and no information was conveyed therein as to the date it was signed or acknowledged.

Plaintiffs allege that defendant Annie Mae Woods neither signed nor acknowledged the deed and that the signature of Annie Mae Dulin Woods appearing on the deed was not in her handwriting nor affixed to the deed by her and that she did not acknowledge the deed before the notary whose name appeared thereon in the certificate of acknowledgment and alleged that the deed was a forgery and fraudulent and that the certificate of the notary was false and procured by fraud on the part of the grantees and a mistake on the part of the notary.

It is alleged that January 13, 1955, J. H. Young and Belle Young executed an oil and gas lease on the tract of land to Walter Sargent leasing the land for the mining and production of oil and gas for a term of five years and as long thereafter as oil and gas was produced, reserving to the lessors the equal of one-eighth part of all oil and gas produced from the lease; that on February 14, 1955, the lessee in the oil and gas lease from J. H. and Belle Young transferred and assigned the lease to Cumberland Contracting Company, with a definite commitment on the part of the latter to drill and develop same and the said Walter Sargent reserving to himself an overriding royalty of one-fourth of seven-eighths of the production from said lease until the Cumberland Company should recover its development cost and thereafter the royalty would continue at an additional one-fourth of the production under the lease; that the Cumberland Contracting Company had notice and knowledge of the lease to the Cox Drilling Company December 20, 1954 and notwithstanding such knowledge proceeded upon the land and drilled and completed two valuable producing oil wells from which Cumberland Contracting Company was producing and selling the oil.

It is alleged that September 19, 1955, Jack Cox, Carl A. Morrison and A. G. Wickersham, d/b/a Cox Drilling Company, transferred and assigned to Morco Properties, Inc. an undivided interest in the oil and gas lease of December 20, 1954, as corrected by the subsequent document of April 4, 1955, and in addition assigned to the associates of the Cox Drilling Company a one-fourth interest in any and all claims, choses of action or rights of action that Cox, Morrison and Wickersham and Cox Drilling Company "had against the lessor in said lease (Annie Mae Dulin Woods) for any breach of her covenant and warranty of title therein."

It was alleged that the plaintiff Jack Cox, at the time of the institution of this suit, owned an undivided $39/100$ interest in the lease of December 20, 1954. It was averred that the value of the leasehold, considering the development and the undeveloped portion thereof at the time the suit was instituted, was in excess of $50,000 and that the undivided one-fourth interest of Morco Properties, Inc. had a valuation in excess of $12,-

500 and the undivided ³⁹⁄₁₀₀ interest of Jack Cox had a valuation in excess of $19,500.

Plaintiffs Cox and Morco Properties, Inc. aver that Walter Sargent and Cumberland Contracting Company had full notice and knowledge of the oil and gas lease of December 20, 1954 to the Cox Drilling Company and notwithstanding such knowledge, all of the defendants wrongfully trespassed upon the land, wrongfully extracted oil therefrom and ask that it be adjudged that defendants have no estate, right, title, or any interest whatever in said land.

It was then averred that if it should be determined and adjudged in this action that the deed from Annie Mae Woods to J. H. Young and Belle Young is valid and constitutes a legal conveyance and that the lease of January 13, 1955 from J. H. and Belle Young to Sargent constitutes a valid and effective lease on the lands, that it should then be adjudged that Morco Properties, Inc. and Cox should be entitled to recover from Annie Mae Woods on her covenant of warranty of title in the lease of December 20, 1954 each, a sum equal to its or his respective interest as alleged in the complaint.

October 20, 1955, the defendants Cumberland Contracting Company, Walter Sargent, J. H. Young and Belle Young, filed their joint motion under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., first, to dismiss the action for lack of jurisdiction of the subject matter thereof because Jack Cox was alleged not to be a citizen of Florida but a citizen of Kentucky, and second, Carl A. Morrison and A. C. Wickersham had a joint interest in the claim asserted in the complaint and were indispensable parties and that the said Morrison and Wickersham were each and both citizens of Kentucky and third, it was alleged that a proper alignment of the parties in relation to their real interest in the matter in controversy would place the defendant Annie Mae Woods on the same side or as a plaintiff with Morco Properties, Inc. and Jack Cox. Said Annie Mae Woods was alleged to be a citizen of Kentucky and it was moved that the action be dismissed because of the failure of the plaintiffs to join Carl A. Morrison and A. C. Wickersham who were alleged to be indispensable parties.

October 22, 1955, Annie Mae Woods filed her answer, denying each and every material allegation contained in plaintiffs' complaint except her heirship from Dock Dulin and her inheritance from him of the land described in the complaint and she affirmatively there alleges that she did not execute or deliver to J. H. Young and Belle Young the deed bearing date of March 5, 1950 and she further alleged that she was the owner of and in possession of the 15½ acres of land described in the complaint and that J. H. Young and Belle Young, in making claim to the title to said real estate, were thereby creating a cloud upon her title that should be removed and prayed that she be adjudged the owner in fee simple of the land and of the minerals and that her title thereto be quieted. Her answer was not noted as a counterclaim.

A hearing was held and testimony introduced with respect to the citizenship of the plaintiff Jack Cox. The Court finds from the evidence heard that he was at the time of the institution of this action and at the time of the hearing, a citizen of Kentucky. He went to Florida in 1947 or 1948 for a vacation and says he decided to stay. He acquired real estate and in August 1955 acquired a home which he expected to occupy by the middle of November 1955, but he never actually lived in Florida and at the time of the hearing he resided in Owensboro, belonging to the Country Club there and having his Church affiliation there.

The Court finds that the plaintiff Cox was an actual resident and citizen of Owensboro, Kentucky.

Pending a decision on defendants' motion to dismiss, Carl A. Morrison and A. G. Wickersham tendered on Decem-

ber 13, 1955 and offered to file their joint intervening petition asking that they be made parties to this action and their motion was sustained by the Court in an order entered April 18, 1956.

Carl A. Morrison and A. G. Wickersham have now tendered their written motion that the name of Jack Cox, as a party plaintiff, be dropped or stricken pursuant to Rule 21 of the Federal Rules of Civil Procedure.

It is the contention of the defendants in support of their motion to dismiss this action—

1. That on the plaintiffs' attack on the deed, under which J. H. Young and Belle Young claimed title to the land, as being fraudulent, the defendant Annie Mae Woods, having alleged that the deed is fraudulent, should be aligned with Morco Properties, Inc., and Cox as a party plaintiff and that such realignment would destroy diversity of citizenship.

2. That Morrison and Wickersham as tenants in common under the lease of December 6, 1953, are indispensable parties plaintiff and that with Morrison and Wickersham aligned as parties plaintiff diversity would also be destroyed.

Rule 19(a) and (b) of the Federal Rules of Civil Procedure is as follows—

"(a) Necessary Joinder. Subject to the provisions of Rule 23 and of subdivision (b) of this rule, persons having a joint interest shall be made parties and be joined on the same side as plaintiffs or defendants. When a person who should join as a plaintiff refuses to do so, he may be made a defendant or, in proper cases, an involuntary plaintiff.

"(b) Effect of Failure to Join. When persons who are not indispensable, but who ought to be parties if complete relief is to be accorded between those already parties, have not been made parties and are subject to the jurisdiction of the court as to both service of process and venue and can be made parties without depriving the court of jurisdiction of the parties before it, the court shall order them summoned to appear in the action. The court in its discretion may proceed in the action without making such persons parties, if its jurisdiction over them as to either service or process or venue can be acquired only by their consent or voluntary appearance or if, though they are subject to its jurisdiction, their joinder would deprive the court of jurisdiction of the parties before it; but the judgment rendered therein does not affect the rights or liabilities of absent persons."

It was stated by Judge Miller in the case of Kentucky Natural Gas Corporation v. Duggins, 6 Cir., 165 F.2d 1011, 1015, 1016, that the well settled rule in Kentucky and in the Federal Courts is that—

" * * * one tenant in common may sue in ejectment in order to recover his interest in land without joining the other tenants in common."

Numerous cases are there cited in support of this rule, among which the most recent was Shelby v. Shelby, 194 Ky. 141, 238 S.W. 371.

Judge Miller added—

"The rule does not apply when tenants in common seek to cancel or rescind a lease of oil and gas. In such an action it is the rule that all the tenants in common must unite on account of the contract involved being an entire and indivisible one. Union Gas & Oil Co. v. Gillem, 212 Ky. 293, 298, 279 S.W. 626. The general rule seems well settled both by Federal law and Kentucky law that in an action to rescind a contract all of the parties to the contract are indispensable parties."

In Cyclopedia of Federal Procedure, Third Edition, Vol. 6, Section 2184, page 496, it is said—

"Ordinarily, all cotenants are indispensable parties to litigation af-

fecting their interests in the joint or common property. The general rule has been expressed that cotenants must join in an action for damages to their joint or common property where the wrongful injury to the property affects and impairs the interest of all of them. Where one of them institutes an action against the wrongdoer, all of the cotenants must join as plaintiffs. If any refuse to join they may be made parties defendant under Rule 19(a)."

In the same volume, on page 460, there is this quotation from O'Brien v. Markham, D.C., 17 F.Supp. 633, 638—

"It has been established for many years that there is a rule in the federal courts to the effect that the court will not decide a controversy when it can make no decision going to the real root of the matter without necessarily affecting the rights of parties not before the court."

▆ In other words, if the merits of the case may be determined without prejudice to the rights of necessary parties absent and beyond the jurisdiction of the Courts, it will be done, and a Court of equity will strain hard to reach that result. Oxley v. Sweetland, 4 Cir., 94 F.2d 33.

▆ When an indispensable party is absent, the Court may not grant relief. Kentucky Natural Gas Corporation v. Duggins, supra, Lawrence v. Sun Oil Co., 5 Cir., 166 F.2d 466.

No final decree can be entered in this action without affecting equally the rights of all the parties to the lease of the Cox Drilling Company. When these parties are before the Court, and all of the parties are aligned as their interests exist, there is no diversity. Hence, it is concluded that the doctrine in the case of Shields v. Barrow, 17 How. 129, 15 L.Ed. 158 is applicable, that is that persons who have an interest in the controversy such that a final decree cannot be made without affecting that interest or leaving the controversy in such con-

dition that its final determination may be wholly inconsistent with equity and good conscience, the action should be dismissed. As said by Judge Miller in the Duggins case—

"These well settled rules are applicable when an intervening petition makes new parties to an action over which the Court has previously acquired jurisdiction by reason of diversity of citizenship. If the new parties so brought into the action are not indispensable parties jurisdiction continues to exist."

When, as he says in the Duggins case, asserting a right in property or a fund in the possession of the Court and a proper alignment destroys diversity, the Court loses jurisdiction to proceed. See Minor v. Perry, D.C.E.D.Ky., 19 F.Supp. 449; Motor Terminals v. National Car Co., D.C.Del., 92 F.Supp. 155; Grant County Deposit Bank v. McCampbell, 6 Cir., 194 F.2d 469; Calcote v. Texas Pacific Coal & Oil Co., 5 Cir., 157 F.2d 216, 167 A.L.R. 413; City of Indianapolis v. Chase National Bank, 314 U.S. 63, 67, 62 S.Ct. 15, 86 L.Ed. 47 and Skelly Oil Co. v. Wickham, 10 Cir., 202 F.2d 442.

▆ The "real root of the matter" involved in this case is the validity of the deed claimed by plaintiffs to be fraudulent under which Cumberland Construction Company, Walter Sargent, J. H. Young and Belle Young claimed title and a leasehold on the minerals in the lands under which the plaintiffs and intervenors Morrison and Wickersham held their oil and gas lease. That deed, if fraudulent, vitiates all rights of J. H. Young and Belle Young and their assigns. It cannot be fraudulent as to Morco Properties and Cox and not fraudulent as to Morrison and Wickersham. An adjudication as to whether that deed is or is not a fraudulent one affects all of the parties and there being no diversity when the parties are aligned according to their interests, this Court has no alternative save to dismiss the complaint. An order to that effect will this day be entered.